UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD AVENA, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| VS. ) | Civil Action No. SA-05-CA-0653-XR |
| ) | |
| DEPARTMENT OF HUMAN ) | |
| SERVICES, now known as, TEXAS ) | |
| HEALTH AND HUMAN SERVICES ) | |
| COMMISSION, ) | |
| ) | |
|    Defendant. | |

**ORDER**

On this date, the Court considered Plaintiff's motion for new trial regarding the Court's grant of summary judgment for Defendant and Plaintiff's motion for new trial regarding the Court's taxation of costs. For the reasons discussed below, the motion for new trial regarding the Court's grant of summary judgment for Defendant is DENIED (Docket No. 24). The motion for new trial regarding the Court's taxation of costs is GRANTED in part and DENIED in part (Docket No. 26). The Clerk is instructed to keep this case closed. This is a FINAL JUDGMENT.

In Plaintiff's motion for new trial regarding the Court's grant of summary judgment for Defendant, Plaintiff argues that the Court's decision is against the clear and great weight of the evidence and that a new trial is necessary to prevent a miscarriage of justice. Docket No. 24, ¶ 4. Plaintiff's argument rests almost entirely on the theory that the flawed investigation conducted by Defendant was a pretext for retaliation. Plaintiff argues that "the investigation was flawed and in all reasonableness could not have formed the bases for the conclusions reached by Defendant and

for Plaintiff's discharge." Docket No. 24, ¶ 9. Citing to non-Fifth Circuit cases, Plaintiff argues that if an employer recklessly conducts a flawed investigation that relies on hearsay, conflicting statements, and opinion testimony to justify the termination of its employee, then this failure to properly investigate may allow a jury to impose liability on an employer under Title VII.

The Court does not believe that Defendant's investigation was so seriously flawed that the articulated reason for Plaintiff's termination was a pretext for the real, discriminatory reason. *Aldrup v. Caldera*, 274 F.3d 282, 286 (5th Cir.2001). After the employer has articulated a legitimate, non-discriminatory reason for discharge, the burden shifts to the plaintiff to show that the proffered reason is pretextual. *Id.* The Defendant in this case only needs to prove that it believed, in good faith, that the results of the investigation were valid and that it based its decision to terminate Plaintiff on the results of the investigation instead of on the discriminatory motive. *Mayberry v. Mundy Contract Maintenance Inc.*, No. 05-20794, 2006 WL 2505308, *2 (5th Cir. Aug. 30, 2006). It is irrelevant whether the decision was correct or the information was true. *See Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995) ("The question is not whether an employer made an erroneous decision; it is whether the decision was made with discriminatory motive"). In granting Defendant's motion for summary judgment, this Court concluded that the internal investigation by the employer provided legitimate, non-discriminatory reasons for Plaintiff's termination.[1] Thus, Plaintiff's motion for new trial regarding the Court's grant of summary judgment for Defendant is DENIED.

---

[1] In addition to finding that Defendant had articulated a legitimate, non-discriminatory reason for Plaintiff's termination, the Court also held that Plaintiff failed to establish a prima facie case of Title VII retaliation. Therefore, Plaintiff's motion for new trial also fails because the Court's ruling is supported on alternative grounds.

Plaintiff also argues that the court erred in calculating the costs owed by Plaintiff to Defendant. Plaintiff argues that it should not be required to pay $12.80, which represents the cost for copies of Plaintiff's deposition, and $49.80, which represents the cost of providing documents to Plaintiff's that were responsive to Plaintiff's request for written discovery. The Court finds that $12.80 was legitimately taxed against Plaintiff because it represents the cost of a deposition transcript that was necessarily obtained for use in the case. 28 U.S.C. 1920(2); *Coats v. Penrod Drilling Co.*, 5 F.3d 877, 891 (5th Cir. 1993). This deposition transcript was necessarily obtained by Defendant in order to prepare its motion for summary judgment. However, the Court agrees with Plaintiff that the cost of $49.80 for providing copies of documents that were responsive to Plaintiff's request for written discovery do not represent taxable costs because Defendant has not demonstrated that these documents were necessarily obtained for use in the case. Therefore, the Court ORDERS Plaintiff to pay Defendant $702.40 - $49.80 = **$652.60** in costs. Plaintiff's motion for new trial on the taxation of costs is GRANTED in part and DENIED in part.

The Clerk is instructed to keep this case closed. This is a FINAL JUDGMENT.

It is so ORDERED.

SIGNED this 15th day of November, 2006.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE